COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
Alex A. Pisarevsky, Esq.
Park 80 West – Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
Phone: (201)845-9600
ap@njlawfirm.com

*Additional Counsel on Signature Page*

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHLEEN WALZ, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | CIVIL ACTION |
| v. | |
| ICEBERG LEARNING WEST LLC d/b/a LILY POND COUNTRY DAY SCHOOL, DAY ROSENBERG, EDWARD IMPERIOSI, CHRISTINE IMPERIOSI, JOHN DOES 1 – 5, and ABC CORPS. 1 – 5 (names being fictitious and previously unknown), | **CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Kathleen Walz ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, Cohn Lifland Pearlman Herrmann & Knopf LLP and Mobilio Wood, alleges against defendants Iceberg Learning West LLC d/b/a Lily Pond Country Day School, Day Rosenberg, Edward Imperiosi, Christine Imperiosi, and certain fictitious individuals and/or corporate entities (all, collectively, "Defendants"), as follows:

**INTRODUCTION**

1.      This lawsuit arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, *et seq*. ("NJWHL"), as a result of the failure of Defendants to pay Plaintiff, and other similarly situated employees who are members of the Collective and Class defined herein, all earned wages.

2.      Plaintiff brings this action as: (i) a collective action pursuant to the FLSA, and (ii) a class action pursuant to the NJWHL and Rule 23 of the Federal Rules of Civil Procedure, to recover unpaid overtime wages.

3.      Plaintiff, as well as the Collective and Class members, are persons who perform or performed work for Defendants as teachers.

4.      As further described herein, Defendants willfully violated the FLSA and the NJWHL by regularly requiring Plaintiff and other teachers to work more than 40 hours per week without paying an overtime premium.

**THE PARTIES**

5.      Plaintiff is an adult individual and citizen of the State of New Jersey, residing in Bergen County.

6.      Plaintiff has consented in writing to be a plaintiff in this action and has executed a Consent to Sue form.

7.      Plaintiff was employed by Defendants as a pre-school teacher from in or about April 2021 through December 1, 2023.

8.      Defendant Iceberg Learning West LLC d/b/a Lily Pond Country Day School ("Defendant Iceberg") is a New Jersey limited liability company with its main business address at 184 Rivervale Road, River Vale, New Jersey 07675.

9.      Defendant Day Rosenberg ("Defendant Rosenberg") is an individual who is now, and was at times relevant to the allegations herein, upon information and belief, the President, and a member of, Defendant Iceberg.

10.     Upon information and belief, Defendant Rosenberg is a resident of the State of Connecticut, residing at 1704 Newfield Avenue, Stamford, Connecticut.

11.     Upon information and belief, defendant Edward Imperiosi is an individual who is, and at all times relevant to the allegations in this matter was, a resident of Bergen County, New Jersey.

12.     Upon information and belief, defendant Christine Imperiosi is an individual who is, and at all times relevant to the allegations in this matter was, a resident of Bergen County, New Jersey.

13.     Defendants John Does 1-5 and ABC Corps. 1-5 are fictitious and presently unknown individuals and/or corporate entities who employed Plaintiff and the members of the putative Collective and Class as teachers during the relevant period.

14.     Upon information and belief, Defendant Iceberg owns and operates Lily Pond Country Day School ("Lily Pond"), located at 184 River Vale Road, River Vale, New Jersey.

15.     Upon information and belief, Defendant Iceberg acquired Lily Pond from DEI's Education, Inc. d/b/a The Lily Pond Country Day School, a New Jersey corporation, in or about the beginning of 2022.

16.     Upon information and belief, DEI's Education, Inc., owned Lily Pond from approximately 2013 through approximately 2021.

17.     Upon information and belief, DEI's Education, Inc., was dissolved on or about January 27, 2023.

18.    Upon information and belief, defendants Edward and Christine Imperiosi owned and operated DEI's Education, Inc. and Lily Pond, at times relevant to the allegations herein, through approximately 2021.

19.    At relevant times from 2022 onward, Defendant Rosenberg was and is a person acting directly in the interest of Defendant Iceberg in relation to Plaintiff and the Collective and Class members, pursuant to 29 U.S.C. § 203(d) and N.J.S.A. § 34:11-56a1(g).  Indeed, Lily Pond's        website        states,        as        of        March        20,        2024, in    relevant    part:    "Lily    Pond    is    owner-operated    by    Day    Rosenberg    …."    See https://www.lilypondcountrydayschool.com/about-us/.

20.    At relevant times through 2021, defendants Edward and Christine Imperiosi were persons acting directly in the interest of DEI's Education, Inc., in relation to Plaintiff and the Collective and Class members, pursuant to 29 U.S.C. § 203(d) and N.J.S.A. § 34:11-56a1(g).

## JURISDICTION AND VENUE

21.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

22.    This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

23.    Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391 because acts or omissions giving rise to Plaintiff's claims alleged herein occurred within this judicial district, and Defendants regularly conduct or conducted business in, and have engaged in the wrongful conduct alleged herein, in this judicial district.

## CLASS AND COLLECTIVE DEFINITIONS

24.    Plaintiff brings this suit on behalf of the following similarly situated collective:

All individuals who perform or performed work as teachers for Lily Pond Country Day School in River Vale, New Jersey, at any time during the applicable limitations period covered by this Complaint (i.e., two years for FLSA violations, and three years for willful FLSA violations) up to and including September 2022, and who are named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective").

25.    Plaintiff also brings this suit on behalf of the following similarly situated class:

All individuals who perform or performed work as teachers for Lily Pond Country Day School in River Vale, New Jersey at any time during the period beginning six years before the filing of this Complaint up to and including September 2022 (the "Class").

## FACTUAL ALLEGATIONS

**A.    Lily Pond's Operations and the Duties of Teachers**

26.    Lily Pond is a preschool for infant through toddler aged children that has, upon information and belief, been operating since 1998.

27.    Lily Pond's website provides, in relevant part: "Lily Pond is owner-operated by Day Rosenberg and powered by an exceptional team of teachers and caregivers whose love for children and passion for education are unmatched." https://www.lilypondcountrydayschool.com/about-us/. (last visited March 20, 2024).

28.    At all relevant times, the teachers employed by Lily Pond have been paid on an hourly basis.

29.    The job duties and responsibilities of teachers consist of, among other things, feeding, changing, and performing activities with the children.

30.    At all times material to the allegations herein, Lily Pond employed approximately twenty (20) teachers at any given time.

31.     Lily Pond's teachers were and are non-exempt employees under the FLSA and NJWHL.

**B.    Lily Pond Pays Teachers No Overtime Premium**

32.     Throughout the time Lily Pond was operated by Edward and Christine Imperiosi, and owned by DEI's Education, Inc., teachers regularly worked more than 40 hours per week, but were not paid an overtime premium.

33.     The practice of not paying an overtime premium continued after Defendant Iceberg, which was and is operated by Defendant Rosenberg, acquired Lily Pond.

**C.    Lily Pond Begins Paying Teachers Overtime Premium After 44 Hours Per Week**

34.     Subsequently, Lily Pond adopted a policy of paying overtime to teachers after 44 weekly hours (the "44 Hour Policy").

35.     Lily Pond's purported justification for the 44 Hour Policy was that teachers spent a half hour per day (i.e., 2.5 hours per week) eating lunch and 1.5 hours per week on so-called "admin time," which consisted of time spent making notes, completing records, and talking to students' parents.

36.     However, as a practical matter, Plaintiff and other teachers frequently worked through lunch.  To illustrate, Lily Pond's policies and procedures mandate that students be observed by teachers at all times.  Thus, a teacher who desired to take a lunch break was required to find another teacher to monitor his or her assigned students during the break.  On many occasions, however, there was not sufficient additional teacher coverage to enable a staff member to take a break if he or she desired.  Further, on many occasions, Defendants scheduled work-related meetings during lunch, and advised teachers that there would be "no lunch" for the

day, and that teachers should instead bring their food to the scheduled meeting if they desired to eat.

37.    Moreover, there is simply no basis to treat so-called "admin time" as non-compensable.

**D.    Lily Pond Finally Begins Paying Overtime After 40 Hours**

38.    On or about September 12, 2022, Tara Sluyter, who is Lily Pond's Operations Manager, wrote an email to all teachers stating, in relevant part: "Hello, Lily Pond Teachers! We have some exciting announcements! After much teacher feedback about overtime, pay rate, lunches, etc. we have decided to simplify all of this.  It seemed that starting overtime after 44 hours due to a paid lunch and then an allowance for admin time has been confusing. In light of this, overtime will now start after 40 hours." (emphasis in original).

## CLASS AND COLLECTIVE ALLEGATIONS

39.    Plaintiff brings this action on behalf of the Collective as a collective action pursuant to the FLSA.  The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

40.    As described herein, Defendants regularly required Plaintiff and other teachers to work more than 40 hours per week without paying an overtime premium.

41.    Plaintiff, having been employed by Defendants as a teacher, and subjected to the same pay policies and unlawful pay practices applicable to all teachers, as set forth above, is similarly situated to the members of the Collective.

42.    Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of herself and the Class for claims under the NJWHL.  The claims brought

pursuant to the NJWHL may be pursued by all similarly-situated persons who do not opt out of the Class pursuant to Fed. R. Civ. P. 23.

43.    Upon information and belief, the members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of the members of the Class is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are at least forty (40) individuals in the Class.

44.    The claims of Plaintiff are typical of the claims of the Class she seeks to represent.  Plaintiff and the members of the Class worked for Defendants as teachers and were subject to the same compensation policies and practices, as set forth above.

45.    Common questions of law and fact exist as to the Class that predominate over any questions affecting Class members individually and include, but are not limited to, the following:

    (a)  whether Defendants failed to pay teachers overtime premium compensation for all hours worked in excess of 40 per workweek;

    (b)  whether Plaintiff and members of the Class are entitled to compensatory damages, and if so, the means of measuring such damages;

    (c)  whether Plaintiff and the members of the Class are entitled to liquidated damages; and

    (d)  whether Defendant is liable for attorneys' fees and costs.

46.    Plaintiff will fairly and adequately protect the interests of the Class as her interests are in alignment with those of the members of the Class.  Plaintiff has no interests adverse to the Class she seeks to represent, and has retained competent and experienced counsel.

47.    The class action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it

virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

48.     Defendants have acted willfully and with a lack of good faith in their violations of the FLSA and NJWHL.

## COUNT I

### FAIR LABOR STANDARD ACT: OVERTIME WAGE VIOLATIONS
### (On Behalf of Plaintiff and the Collective)

49.     Plaintiff, on behalf of herself and the Collective, realleges and incorporates by reference the paragraphs above as if they were fully set forth at length again herein.

50.     At all relevant times, Defendants were an employer engaged in commerce, or in the production of goods for commerce, in that Lily Pond is a preschool, within the meaning of 29 U.S.C. § 203(s)(1)(B).

51.     Alternatively, Defendants employed and/or continue to employ, teachers such as Plaintiff and the members of the Collective, "engaged in commerce or in the production of goods for commerce" and "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce," within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

52.     Additionally, at all relevant times, Lily Pond also, upon information and belief, has had annual gross volume of sales made or business done in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

53.     At all relevant times, Defendants employed Plaintiff and each of the Collective members within the meaning of the FLSA.

54.    At all relevant times, Plaintiff and members of the Collective were non-exempt employees under the FLSA and were entitled to be paid overtime compensation for all hours worked in excess of 40 hours per workweek.

55.    Pursuant to Defendants' policies and procedures, Defendants willfully failed to pay overtime premium compensation to teachers for hours worked in excess of 40 per work week.

56.    As a result of Defendants' willful failure to compensate their employees, including Plaintiff and members of the Collective, the appropriate overtime compensation for all hours worked in excess of 40 hours per workweek, Defendants violated the FLSA, 29 U.S.C. § 201, *et seq.*

57.    Defendants' conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58.    Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the members of the Collective, is entitled to recover from the Defendants: compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

**NEW JERSEY WAGE AND HOUR LAW: OVERTIME WAGE VIOLATIONS**
**(On Behalf of Plaintiff and the Class)**

59.    Plaintiff, on behalf of herself and the Class, realleges and incorporates by reference the paragraphs above as if they were fully set forth at length again herein.

60.     Plaintiff and members of the Class were and are non-exempt employees under the NJWHL and were and are entitled to be paid overtime compensation for all hours worked in excess of 40 hours per workweek, pursuant to N.J.S.A. § 34:11-56a4.

61.     Pursuant to Defendants' policies and procedures, Defendants willfully failed to pay overtime premium compensation to teachers for hours worked in excess of 40 per work week.

62.     As a result of Defendants' willful failure to compensate its employees, including Plaintiff and members of the Class, the appropriate overtime compensation for all hours worked in excess of forty (40) hours per workweek, Defendants violated the NJWHL.

63.     Due to Defendants' NJWHL violations, Plaintiff, on behalf of herself and the members of the Class, is entitled to recover from the Defendants: compensation for unpaid wages; an additional 200 percent of the amount of the unpaid wages as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to N.J.S.A. § 34:11-56a25.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated members of the Class and Collective, respectfully requests that this Court grant the following relief against Defendants:

A.     Certification of this action as a collective action on behalf of the Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising the Collective members of the pendency of this action, and permitting the Collective members to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

B.      Certification of the action as a class action under <u>Fed. R. Civ. P.</u> 23(b)(3) on behalf of the Class and/or any appropriate sub-class, certifying Plaintiff as Class and subclass representative, and certifying Plaintiff's counsel as Class counsel;

C.      On the first claim for relief, an award of unpaid compensation for overtime and an additional equal amount as liquidated damages to Plaintiff and the members of the Collective;

D.      On the second claim for relief, an award of unpaid compensation for overtime and an additional 200 percent of the unpaid overtime as liquidated damages to Plaintiff and the members of the Class;

E.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Class and Collective; and

F.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues so triable.

Dated: March 20, 2024

                     **COHN LIFLAND PEARLMAN**
                     **HERRMANN & KNOPF LLP**

               BY:     /s/Alex A. Pisarevsky
                       Alex A. Pisarevsky, Esq.
                       Park 80 West-Plaza One
                       250 Pehle Avenue, Suite 401
                       Saddle Brook, NJ 07663
                       Phone: (201) 845-9600
                       Fax: (201) 845-9423
                       ap@njlawfirm.com

12

**MOBILIO WOOD**

BY:    /s/Peter C. Wood, Jr.
       Peter C. Wood, Jr., Esq. (PA ID No. 310145)
       (To be admitted *pro hac vice*)
       900 Rutter Ave., Box 24
       Forty Fort, PA 18704
       Phone: (570) 234-0442
       Fax: (570) 266-5402
       peter@mobiliowood.com


*Co-Counsel for Plaintiff Kathleen Walz*